IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS GARCIA FRAGA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.2:11cv14-ID |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a *pro se* petition for a writ of habeas corpus by a federal prisoner pursuant to

28 U.S.C. § 2241.  (Doc. No. 1.)

## I.  BACKGROUND

The Petitioner, Carlos Garcia Fraga ("Fraga"), is currently incarcerated at the Federal

Prison Camp in Montgomery, Alabama, serving a 15-month sentence, imposed in 2010 by

the United States District Court for Southern District of Florida, upon his conviction for

unlawful possession of counterfeit currency.  In his petition, Fraga claims that the Federal

Bureau of Prisons ("BOP") has failed to properly consider the mandated statutory criteria in

determining the duration of his placement in a residential reentry center ("RRC") for the final

portion of his federal sentence, in violation of the Second Chance Act.

In compliance with this court's orders, the respondent has filed an answer in which

he argues that Fraga's petition should be dismissed because Fraga has not exhausted

administrative remedies with respect to his claims.  (Doc. No. 14.)  In response, Fraga has

filed a reply.  (Doc. No. 16.)

## II.  DISCUSSION

By his petition, Fraga seeks to have the BOP consider him for placement in an RRC for the final portion of his sentence, for the maximum amount of time allowed, pursuant to the authority of the Second Chance Act of 2007.  (Doc. No. 1)  More specifically, he requests that this court issue an order directing the BOP in good faith to consider him on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b), plus take into account the language in 18 U.S.C. § 3624 (c)(6)(C), granting him the maximum amount of time in the RRC to provide the greatest likelihood of successful reintegration into the community.  (*Id*. at pp. 7-8.)

The Second Chance Act amended 18 U.S.C. §§ 3621(a) and 3624(c).  Pursuant to the Second Chance Act, the BOP staff is required to review inmates for RRC placement 17 to 19 months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b).[1]  The pleadings before this court reflect that the BOP has conducted an assessment of Fraga's suitability for RRC placement and has recommended that he be placed in an RRC for the final 120 days of his sentence.  The pleadings further reflect that Fraga has not attempted to pursue relief from the BOP's placement determination via the BOP's administrative remedies.  For his part, Fraga maintains that exhaustion should be excused because, he says, it would be futile to pursue

---

[1]When he filed the instant petition, Fraga's projected release date was December 13, 2011, assuming he receives all good conduct time available.

the BOP's administrative remedies.  (Doc. No. 1 at pp. 6-7; Doc. No. 16 at pp. 6-11.)

It is well settled in this circuit that a federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this court.  *See Skinner v. Wiley*, 335 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992).  The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *See* 28 C.F.R. §§ 542.10 et seq.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990).  These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court.  *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991). If, and only if, an inmate has pursued his administrative remedies may he seek relief in federal court.  *Id*.  "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]."  *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Fraga has not exhausted the three-level administrative remedy process, set forth at 28 C.F.R. §§ 542.10-.15, with regard to his claims concerning his eligibility for placement in an RRC.  Therefore, he has not satisfied the requirement that he exhaust his available administrative remedies before seeking habeas corpus relief in federal court.  Moreover, Fraga has failed to establish that it would be futile to pursue the BOP's administrative remedies.  Fraga maintains that exhaustion should be excused in his case because it would

3

be futile to pursue the BOP's administrative remedies.  (Doc. No. 1 at pp. 6-7; Doc. No. 16 at pp. 6-11.)  Specifically, he complains that he will be delayed in vindicating his rights if he complies with the BOP's administrative remedies program and that the time required to exhaust administrative remedies would deprive him of the full time he alleges he is entitled to serve in an RRC.   However, there are deadlines incorporated into the administrative remedies program that prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom.  *See, e.g.*, 28 C.F.R. § 542.18 (setting forth BOP response times at various levels of review).  Fraga has not established extraordinary circumstances justifying waiver of the exhaustion requirement.  Therefore, dismissal of Fraga's petition for failure to exhaust administrative remedies is warranted.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief be DISMISSED without prejudice because Fraga has failed to exhaust administrative remedies in accordance with the procedures established by the BOP.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 13, 2011.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and

4

recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Boyington Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 25th day of April, 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE